IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,
    Plaintiff,

v.                                              Criminal Case No: 1:15-cr-13

LANCE DEMARCO HARRIS,
    Defendant.

## OPINION/REPORT AND RECOMMENDATION REGARDING PLEA OF GUILTY IN FELONY CASE

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Lance Demarco Harris, in person and by counsel, Belinda Haynie, appeared before me on January 27, 2015. The Government appeared by Stephen Warner, its Assistant United States Attorney. The Court determined that Defendant would enter a plea of "Guilty" to a one-count Information.

The Court proceeded with the Rule 11 proceeding by placing Defendant under oath.

The Court determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the original to the Court. The Court asked counsel for the Government if the agreement was the sole agreement offered to Defendant. The Government responded that it was and counsel for Defendant confirmed the same. The Court asked counsel for the Government to summarize the written plea agreement. Defendant stated that the agreement as summarized by counsel for the Government was correct and complied with his understanding of the agreement. The Court **ORDERED** the written plea agreement filed.

The Court then inquired whether Defendant was a citizen of the United States. Defendant responded that he was a citizen. The undersigned asked Defendant whether he understood that if he were not a citizen of the United States, by pleading guilty to a felony charge he would be subject to deportation at the conclusion of any sentence; that he would be denied future entry into the United States; and that he would be denied citizenship if he ever applied for it. Defendant stated that he understood.

Thereupon, the Court inquired of Defendant concerning his understanding of his right to have an Article III Judge hear and accept the entry of his guilty plea and his understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant stated in open court that he voluntarily waived his right to have an Article III Judge hear his plea and voluntarily consented to the undersigned Magistrate Judge hearing his plea, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before the United States Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of his counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Lance Demarco Harris, after having had his rights fully explained to him and having a full understanding of those rights through consultation with his counsel, as well as through questioning by the Court. The Court **ORDERED** the written Waiver and Consent filed.

The undersigned Magistrate Judge inquired of Defendant and his counsel relative to Defendant's knowledge and understanding of his constitutional right to proceed by Indictment and the voluntariness of his Consent to Proceed by Information and of his Waiver of his right to proceed by Indictment. Defendant and his counsel then verbally acknowledged their understanding and Defendant, under oath, acknowledged his voluntary waiver of his right to proceed by Indictment and his agreement to voluntarily proceed by Information. Defendant and his counsel executed a written Waiver of Indictment. The undersigned Magistrate Judge then received and **ORDERED** the Waiver of Indictment and the Information filed and made a part of the record herein.

The undersigned then reviewed with Defendant the Information, including the elements the United

States would have to prove at trial, charging him with distribution of oxycodone, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). The undersigned reviewed with Defendant the statutory penalties applicable to an individual adjudicated guilty of the felony charge contained in the Information. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charge pending against him; understood that the possible statutory maximum sentence which could be imposed upon his conviction or adjudication of guilty on that charge was imprisonment for a term of not more than twenty (20) years; a fine of not more than $1,000,000.00, or both imprisonment and a fine; and a term of supervised release of at least three (3) years. Defendant further understood the Court would impose a special assessment of $100.00 for the felony conviction payable before the date of sentencing and understood that the Court may require him to pay the costs of his incarceration and supervised release.

The Court then inquired of Defendant regarding his understanding of his conditional waiver of appellate rights as contained in the written plea agreement, as follows:

Ct. In paragraph 12, do you understand that you have a right to appeal your conviction and sentence to the Fourth Circuit Court of Appeals?

Def. Yes, sir.

Ct. What does 12(a) say with respect to that right?

Def. "To appeal any order, the conviction and any sentence that has a base offense level of 24 or lower or the manner in which that sentence was determined on any ground whatsoever, including those grounds set forth in 18 U.S.C. § 3742."

Ct. So, what you're doing in that paragraph is giving up your right to appeal if your actual sentence is the same as or equal to a base offense level of 24 or lower under the Guidelines, is that correct?

Def. Yes, sir.

Ct. You understood the paragraph when you signed the plea agreement?

3

Def. Yes, sir.

Ct. Has anything about your understanding of that paragraph changed?

Def. No, sir.

Ct. You're also giving up your right to collaterally attack or challenge the sentence and how it's being carried out by filing a writ of habeas corpus motion, is that correct?

Def. Yes, sir.

Ct. Is that what paragraph b, 12(b) says?

Def. Yes, sir.

Ct. Now, you reserve to yourself certain rights under the collateral attack and those are: (1) the right to claim that there was ineffective assistance of counsel; and (2) the right to claim that there was some sort of prosecutorial misconduct, is that correct?

Def. Yes, sir.

Ct. Do you know of any prosecutorial misconduct as you sit here today?

Def. No, sir.

Ct. Do you know of any ineffective assistance of counsel as you sit here today?

Def. No, sir.

Ct. That means if you never discover that there's prosecutorial misconduct, if you never discover after today that there's been some sort of ineffective assistance of counsel, you will not then have the right to file a motion on ineffective assistance of counsel or prosecutorial misconduct, is that correct?

Def. Yes, sir.

Ct. You can only file it if you learn about those things after today, is that correct?

Def. Yes, sir.

Upon consideration of all which, the Court finds Defendant understood his appellate rights and

knowingly and voluntarily waived those rights pursuant to the condition in the plea agreement.

Defendant thereafter stated in open court he understood and agreed with the terms of the written plea agreement as summarized by the Assistant United States Attorney during the hearing, and that it contained the whole of his agreement with the Government and no promises or representations were made to him by the Government other than those terms contained in the written plea agreement. The undersigned Magistrate Judge further examined Defendant relative to his knowledgeable and voluntary execution of the written plea bargain agreement signed by him and determined the entry into said written plea agreement was both knowledgeable and voluntary on the part of Defendant. The Court further determined that Defendant was competent to proceed with the Rule 11 plea hearing.

The undersigned Magistrate Judge inquired of Defendant, his counsel, and the Government as to the non-binding recommendations and stipulations contained in the written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in the Information, the undersigned Magistrate Judge would write the subject Report and Recommendation and would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court, and only after the District Court had an opportunity to review the pre-sentence investigation report, would the District Court adjudicate the Defendant guilty of the felony offense contained in the Information and make a determination as to whether to accept or reject any recommendation or the stipulation contained within the plea agreement or pre-sentence report. The undersigned reiterated to the Defendant that the District Judge may not agree with the recommendations or stipulations contained in the written agreement. The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, that in the event the District Court Judge refused to follow the non-binding recommendations or stipulations contained in the written plea agreement and/or sentenced him to a sentence which was different from that which he expected, he would not be permitted to withdraw his guilty plea. Defendant and his counsel each acknowledged their understanding and

Defendant maintained his desire to have his plea of guilty accepted.

Defendant also understood that his actual sentence could not be calculated until after a pre-sentence report was prepared and a sentencing hearing conducted. The undersigned also advised, and Defendant stated that he understood, that the Sentencing Guidelines are no longer mandatory, and that, even if the District Judge did not follow the Sentencing Guidelines or sentenced him to a higher sentence than he expected, he would not have a right to withdraw his guilty plea. Defendant further stated his attorney showed him how the advisory guideline chart worked but did not promise him any specific sentence at the time of sentencing. Defendant stated that he understood his attorney could not predict or promise him what actual sentence he would receive from the sentencing judge at the sentencing hearing. Defendant further understood there was no parole in the federal system, although he may be able to earn institutional good time, and that good time was not controlled by the Court, but by the Federal Bureau of Prisons.

Defendant also agreed to the administrative forfeiture of the $15,528.00 seized on September 18, 2014. He waived the right to notice regarding the forfeiture and agreed that neither he nor anyone acting for him shall appear in or pursue any action to contest the forfeiture.

The Court heard the testimony of Sergeant Todd Forbes, who is currently assigned to the Mon Valley Drug Task Force. On September 16, 2014, Sergeant Forbes worked with a confidential informant ("CI") to make a controlled purchase from Defendant. The CI was equipped with a body wire, and the CI made a telephone call to someone known to the Task Force as John. John instructed the CI to go to Metro Towers in Monongalia County, West Virginia, within the Northern District of West Virginia. Sergeant Forbes drove the CI to Metro Towers, and the CI entered the stairwell of the building. Defendant then met Defendant, took five (5) pills out of a bag, and gave them to the CI in exchange for $150.00. The pills were sent to the West Virginia State Police lab, where they were confirmed to be oxycodone.

Defendant stated he heard, understood, and agreed with Sergeant Forbes' testimony. From said testimony, the undersigned Magistrate Judge concludes the offense charged in the Information is supported

by an independent basis in fact concerning each of the essential elements of such offense.

Defendant, Lance Demarco Harris, with the consent of his counsel, Belinda Haynie, proceeded to enter a verbal plea of **GUILTY** to the felony charge contained in the Information.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood his right to have an Article III Judge hear and accept his plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing his plea; Defendant understood his right to have his charges presented in an Indictment and knowingly, freely and voluntarily elected to proceed by Information; Defendant understood the charges against him; Defendant understood the consequences of his plea of guilty, including the statutory maximum sentence; Defendant made a knowing and voluntary plea of guilty to the Information; and Defendant's plea is independently supported by Sergeant Forbes' testimony, which provides, beyond a reasonable doubt, proof of each of the essential elements of the charge to which Defendant has pled guilty.

The undersigned Magistrate Judge therefore recommends Defendant's plea of guilty to the charge contained in the one-count Information herein be accepted conditioned upon the Court's receipt and review of this Report and Recommendation.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Defendant is remanded to the custody of the United States Marshal Service pending further proceedings in this matter.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal

from a judgment of this Court based upon such report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel of record.

Respectfully submitted this 29th day of January, 2015.

*/s John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE